# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FISSEHA FANTA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-01028-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| BANK OF NEW YORK MELLON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant Bank of New York Mellon ("Defendant"). Plaintiff, who is representing himself pro se, has failed to file a Response to the Motion to Dismiss. Defendants have, however, filed a Notice of Non-Opposition (ECF No. 16). For the reasons that follow, the Motion to Dismiss will be GRANTED, and Plaintiff's Complaint will be dismissed. As a result, Plaintiff's Motion to Reverse Foreclosure (ECF No. 8) and Defendant's Motion to Strike (ECF No. 14) are DENIED as moot.

## I.    BACKGROUND

This lawsuit was originally filed on May 9, 2011 in state court. Defendants removed the case to this Court on June 15, 2012. Plaintiff's Complaint alleges a number of causes of action against Defendants related to the foreclosure proceedings that were initiated against Plaintiff's property.

On July 9, 2012, Defendants filed a Motion to Dismiss (ECF No. 9). Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response; therefore, Plaintiff had until July 26, 2012 to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

On July 27, 2012, Plaintiff filed an affidavit stating that he had "not received any process relevant to a Motion to Dismiss." (Fanta Aff. ¶ 4, ECF No. 15.)  However, Plaintiff's affidavit further stated that, at some point after July 10, 2012, he obtained a copy of Defendant's Motion to Dismiss. (*Id.* at ¶ 3.)  On July 30, 2012, three days after Plaintiff filed his affidavit, Defendant filed a Notice of Non-Opposition to its Motion to Dismiss. (ECF No. 16)  Additionally, on August 13, 2012, Defendant filed a Notice of Non-Opposition to its Motion to Strike. (ECF No. 18.)  Plaintiff has made no filings with the Court since his Affidavit of July 27, 2012.  (ECF No. 15.)

## II.   DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failing to respond to a motion to dismiss, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this

case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  On July 27, 2012, Plaintiff filed an affidavit that stated that he obtained a copy of Defendant's Motion to Dismiss at some point after July 10, 2012. (Fanta Aff., ECF No. 15.)  However, more than two months have passed since Plaintiff filed his affidavit and Plaintiff has not yet responded to Defendant's motion.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.  However, in consideration of Plaintiff's pro se status, the Court will dismiss this case without prejudice.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 9) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse Foreclosure (ECF No. 8) and Defendant's Motion to Strike (ECF No. 14) are **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 3rd day of October, 2012.

_____
Gloria M. Navarro
United States District Judge